# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1915.

---

THE STATE v. MICHAEL HANRAHAN ET AL.

Submitted July 2, 1914—Decided February 24, 1915.

1. While the definition of self-defence given by the court in the charge to the jury may be abstractly inaccurate, yet, if it is correct as applied to the facts proved by the defendant in support of that defence, the abstract inaccuracy is harmless and affords the defendant no legal ground of complaint.
2. A person who is one of a party that committed an assault and battery is equally guilty with his associates if he aided and abetted the attack, even though he did not strike a blow himself.
3. It is not injurious error to instruct a jury that to constitute a reasonable doubt "it must be a doubt which would be reasonable, a doubt in a reasonable man's mind."

---

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

State v. Hanrahan.       *87 N. J. L.*

For the plaintiffs in error, *Frank M. McDermit.*

For the state, *Andrew Van Blarcom,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. In December, 1913, the defendants, six in number, with a party of their friends, came from New York to South Orange for the purpose of playing football there. After the game they assembled at the Market street station of the Pennsylvania railroad in Newark to take a train back to New York. While the party was in the station several members thereof indulged in a fight among themselves, during which some of the window panes in the station were broken. Police Officer Stollberg, who was on duty at the station, attempted to arrest the disturbers, and while making the attempt was set upon and beaten severely by some members of the party. Two ribs were broken, one of the fractured pieces piercing the lung; both his eyes were blackened, the right eye being closed; and his head was badly bruised in other places. The defendants were arrested, charged with this assault, indicted by the grand jury, and tried and convicted on that indictment. It is now contended that this conviction should be set aside for harmful errors in the charge to the jury, and for the admission of illegal evidence.

The evidence which is claimed to have been improperly admitted was the testimony of one John Brady, a witness for the state, who testified that he had been sent with the patrol wagon to bring the defendants, who were under arrest, to the station-house; that he made three trips, on the first of which Stollberg, as well as some of the defendants, was taken; that on the third trip he found in the wagon a blackjack belonging to Stollberg, which was not in the wagon after the first trip had been made. The contention of counsel is that this testimony was incompetent, irrelevant and immaterial, but just why he so considers it is not made plain in his brief. It was open to the jury to infer from this testimony that this blackjack had been taken from the person of the officer by some

members of the party who rode in the patrol wagon either on the second or third trip, and such an inference would confirm the testimony on the part of the state that the officer had been assaulted by the parties, and in the way claimed by the state. But it is not necessary for us to pass upon the validity of this objection. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act. The objection to the testimony is not found in any of the reasons for reversal, and, as no exception to its admission was signed and sealed by the court, it is not properly before us on the assignment of error which presents it. *State* v. *Kind*, 80 *N. J. L.* 176; *S. C. on error, Id.* 466. It is true that after the testimony was in counsel moved to strike it out, and took an exception to the refusal of the court to do so, which exception was duly signed and sealed, but no error is assigned upon this later judicial action.

The other reasons upon which defendants rely for a reversal of this conviction are rested upon assignments of error directed at the charge to the jury. Most of them challenge the instruction with relation to the right of self-defence; and, first, it is contended that the court improperly limited the right of the defendant Phelan by saying to the jury that "Before this man had a right to lay hands upon this officer, or strike or injure him, he must be sure that he felt that he was in imminent danger of his life, or of being wounded, that it was for his self protection." It is true, abstractly speaking, that this definition of the right of self-defence is inaccurate, and that such right may be exercised in any case where the circumstances would justify a reasonably prudent man in apprehending danger to his life, or grave bodily harm; but, although inaccurate, abstractly, it was harmless, for the claim of this defendant that he was acting in self-defence rested upon his story that the officer had first assaulted him with his club, and that what he did was solely by way of protection against serious injury from such assault. If the story told by him was true, the necessity of doing what he did for his own protection was absolutely beyond question; and it was with this story that the trial judge was dealing in this part of his instruction to

the jury, and not with a mere abstraction. "He was charging the law of the case, and, as the law of the case, this instruction was not objectionable." *State* v. *Jones,* 71 *N. J. L.* 546.

It is further contended that there was error in the following excerpt from the charge: "If you were in a room, and you say 'you ran toward the fellow who struck you when there was a chance to get away, that you were acting in self-defence,' you would not be putting it very truthfully, there must be an effort to get·away to protect yourself, and if you cannot get away you fight in order to protect yourself from injury." Read alone the principle intended to be laid down is not entirely. clear. But, in order to determine the meaning of an isolated excerpt from a charge, it is necessary to read what was said in conjunction with it, and when this is done in the present case we think the instruction unobjectionable. The court was dealing with the case against Phelan, and used this language: "Do you believe, under the evidence, that there was any time but what this man Phelan could not have walked away, unless he was held by the officer, and if held, if he had stopped would not the officer have done the same. It is for you to say whether this was in self-defence, whether or not there was danger of his being hurt and he was protecting himself from being injured." Then followed the excerpt complained of. Read in connection with what preceded it, we think it clear that what the court intended to convey to the jury, and what the jury understood, was that if Phelan could have escaped injury from the police officer by walking away, or, in case the officer had placed him under arrest, he could have escaped injury by not resisting the officer, it was not self-defence for him to join his companions in a vicious attack upon the officer. So construed, we see no legal objection to the instruction.

It is further argued that the court erroneously instructed the jury as to the constituent parts of an assault and battery, viz., "That a man does not have to strike an actual blow in order to be guilty of assault and battery." But it is to be observed that this instruction related to the case of those of the defendants who claimed that they had not either struck, or

kicked, the officer. The instruction was that they might be found guilty even if they had not actually joined in beating the officer, providing they were present, aiding and abetting those who struck the blows. The instruction was entirely unobjectionable, and in accordance with the rule laid down by this court in *State* v. *Hess,* 65 *N. J. L.* 545, in which we declared that "Where the defendant was one of a party of four who assaulted an officer, but did not actually strike the officer, yet was present aiding and abetting the attack, he was guilty of assault and battery."

Defendant contends that there was also error with relation to the judge's instruction as to what constituted a reasonable doubt, namely, that "It must be a doubt which would be reasonable, a doubt in a reasonable man's mind." An instruction similar in its language was complained of by the defendant in the case of *State* v. *Venzio,* 84 *N. J. L.* 418, and was held by this court not injurious to the defendant, and that view was affirmed by the Court of Errors and Appeals.

The other assignments of error argued by counsel for defendant relate to comments upon the evidence, and the omission of the judge to charge with relation to matters which, as counsel says, were involved in the case, but concerning which no requests to charge were submitted to the court. It is hardly necessary to say, in this day, that, in this state, none of these matters can be properly made the subject of assignments of error.

On the whole case we think the judgment should be affirmed.